UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER BRANT,

           Plaintiff,

                          6:15-cv-01382

v.

                          (GLS/TWD)

CITY OF SYRACUSE, et al.,

           Defendants.
_____

APPEARANCES:

CHRISTOPHER BRANT
13-B-3329
Plaintiff, *pro se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13405

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER & REPORT-RECOMMENDATION

   The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* ("IFP Application"), and a motion for appointment of counsel to the Court for review. (Dkt. Nos. 1-3.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming the City of Syracuse and four members of the Syracuse Police Department as Defendants. (Dkt. No. 1.) For the reasons discussed below, the Court: (1) grants Plaintiff's IFP Application, (2) recommends *sua sponte* dismissal of Plaintiff's Complaint without prejudice and with leave to amend, and (3) denies Plaintiff's motion for appointment of counsel without prejudice.

**I.      IFP Application**

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 3.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application, I find that Plaintiff meets this standard. Furthermore, Plaintiff has filed the required Inmate Authorization Form. (Dkt. No. 5.) Therefore, Plaintiff's IFP Application (Dkt. No. 3) is granted.

**II.     SCREENING OF THE COMPLAINT**

**A.      Applicable Legal Standard**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

3

B.   Analysis of Plaintiff's Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, which establishes a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the Unites States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). Plaintiff alleges that Defendant Police Officers Henderson, Stockton, Milana, and Sergeant Burgess used excessive force during his September 25, 2009, arrest and violated his rights under the Fourth, Fifth, and Eighth Amendments. (Dkt. No. 1 at 6.) Plaintiff's Complaint also alleges "police brutality" and "malicious prosecution" and seeks to hold Defendant City of Syracuse liable under *Monell v. Dep't. of Soc. Servs.*, 436, U.S. 658, 690 (1978), for failing to train, supervise, and discipline its police officers engaging in excessive force. *Id*.

On September 25, 2009, Plaintiff was in the basement at 1221 West Onondaga Street, "attempting to steal copper piping." (Dkt. No. 1 at 4.) Plaintiff alleges that Defendants Henderson, Stockton, Milana, and Burgess used excessive force during his arrest and "commenced with police brutality." *Id*. Specifically, Plaintiff alleges that Defendants repeatedly punched him in the face, temple, and ribs. *Id*. Thereafter, Plaintiff was taken to the Justice Center and then to the Emergency Room, where he was treated for his swollen eye, broken nose and orbital, and cracked ribs. *Id*. Plaintiff seeks $2,500,000.00 from each Defendant in damages for violations of his constitutional rights, and also for mental anguish, pain, suffering, and related medical expenses. *Id*. at 7.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In New York, such claims are governed by the general three-year limitations period governing personal injury claims. *Owens v. Okure*, 488

U.S. 235, 251 (1989). Accrual of the claim, however, is a question of federal law. *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).

Under federal law, generally, a claim arising under 42 U.S.C. § 1983 "accrues" when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002). "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980).

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint.)

Here, Plaintiff's claims accrued at the time of Defendants' alleged violations of his constitutional rights, on September 25, 2009. (Dkt. No. 1 at 4.) The statute of limitations for those claims therefore expired three years later, on September 25, 2012. Plaintiff commenced this action on November 20, 2015, more than seven years after the alleged incident. (Dkt. No. 1.) However, under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumably to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, Plaintiff signed his Complaint on September 26, 2014. *Id.* at 7. Therefore, the Court will presume that Plaintiff "brought" this action for purposes of 28 U.S.C. § 1983 on September 26, 2014, more than two years after the

statute of limitations expired. Accordingly, all of Plaintiff's § 1983 claims are time-barred and subject to dismissal for failure to state a claim. *See Pino*, 49 F.3d at 53.

In "rare and exceptional" cases, the doctrine of equitable tolling may be invoked to defeat a defense that the action was not timely filed. *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). As the Second Circuit recognized in *Abbas*, New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action. *Id.*; *see also Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The party seeking equitable tolling has the burden of establishing that extraordinary circumstances prevented him from filing a timely complaint, and that he acted with reasonable diligence throughout the period he seeks to toll. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). Here, there is nothing in Plaintiff's Complaint that would suggest he has meritorious tolling arguments.[1]

However, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff generally will be allowed to amend his action. *See Gomez*, 171 F.3d at 796. Moreover, a district court typically should not dismiss a complaint as time-barred without providing a *pro se* plaintiff

---

[1] The Court has reviewed the Exhibits attached to Plaintiff's Complaint. (Dkt. No. 1-1.) Construed liberally, Plaintiff may be attempting to argue that his § 1983 claims did not accrue until May 14, 2014, the date that the City of Syracuse advised Plaintiff by letter that it declined to make any payment for the "brutal assault" that occurred on September 25, 2009. (*See* Dkt. No. 1-1 at 3-5.) However, as previously discussed, it is well-settled that § 1983 claims accrue at the time plaintiff "becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton*, 632 F.2d at 192. Here, Plaintiff's claims are of such a nature that he undoubtedly knew, or at a minimum reasonably should have known, of the facts underlying his claims and the existence of a potential § 1983 cause of action at the time of the relevant events, on September 25, 2009. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199-200 (2d Cir. 2001). Moreover, as the Second Circuit made clear in *Abbas v. Dixon*, "a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to § 1983." 480 F. 3d at 641 (citations omitted); *see, e.g.*, *Thompson v. Campbell*, No. 9:09-CV-1379 (GLS/DRH), 2010 WL 2483290, at *2, 2010 U.S. Dist. LEXIS 55249, **4-7 (June 4, 2010) (the mere fact that plaintiff filed a Notice of Claim afforded no basis for tolling the limitations period for a §1983 claim and rejecting plaintiff's argument that filing a Notice of Claim "restarted" the limitations period).

with "notice and opportunity to be heard" as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered. *See Abbas*, 480 F.3d at 640.

Accordingly, the Court recommends *sua sponte* dismissal of Plaintiff's Complaint as barred by the statute of limitations pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. In light of Plaintiff's *pro se* status, the Court recommends that Plaintiff's Complaint be dismissed without prejudice and with leave to amend.[2]

Inasmuch as the Court has recommended *sua sponte* dismissal of Plaintiff's § 1983 claims, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed). The Court recommends dismissing Plaintiff's state law claims without prejudice and subject to reconsideration in the event Plaintiff files a properly amended complaint.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for appointment of counsel. (Dkt. No. 2.) Even if the Court were not recommending *sua sponte* dismissal of Plaintiff's Complaint, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, the motion is denied. The denial is without prejudice so that Plaintiff will not be

---

[2] Any amended complaint submitted must include facts demonstrating why Plaintiff's claims are timely, or if untimely, why the applicable limitations period should be tolled.

precluded from making a subsequent motion for appointment of counsel in the event the District Court allows this action to proceed, or Plaintiff files an amended complaint that survives initial review.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 3) is **GRANTED**; and it is further

**RECOMMENDED** that the Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decision *Thompson v. Campbell*, No. 9:09-CV-1379 (GLS/DRH), 2010 WL 2483290, 2010 U.S. Dist. LEXIS 55249 (June 4, 2010), in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir.2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: December 7, 2015
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

2010 WL 2483290
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. New York.

Robert Daniel THOMPSON, Plaintiff,
v.
Sheriff James A. CAMPBELL, Albany County; Jane & John Does, Deputy Sheriffs, Albany County; Jane & John Does, Sergeants and Lieutenants, Albany County, Defendants.

No. 9:09–CV–1379 (GLS/DRH).    |    June 4, 2010.

**Attorneys and Law Firms**

Robert Daniel Thompson, pro se.

Office of Robert P. Roche, Robert P. Roche, Esq., of Counsel, for Defendants.

*DECISION AND ORDER*

GARY L. SHARPE, District Judge.

**I. Introduction**

**\*1** Plaintiff Robert Daniel Thompson commenced this civil rights action pursuant to 42 U.S.C. § 1983 on December 9, 2009. In his complaint, Thompson claimed that the area of the Albany County Correctional Facility in which he was housed during the period June 16, 2006 though October 4, 2006 was "perpetually in ruin" due to leaking pipes, lack of adequate drainage, and persistent mold and mildew. Dkt. No. 1 at 7. According to Thompson, the conditions of his confinement constituted cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* at 5.

By Order filed January 11, 2010 (the "January Order"), Thompson was afforded an opportunity to file an amended complaint demonstrating that the claims in this action were timely filed. Dkt. No. 6 at 5. [1] As noted in the January Order, Thompson's claims arising out of his confinement at Albany County Correctional Facility accrued no later than October 4, 2006, the date of his transfer to the state prison system. *See*Dkt. No. 1 at 7. Because this date is prior to the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.,* December 4, 2006, the Court advised that the complaint was not timely-filed unless Thompson is able to demonstrate that the limitations period is subject to equitable tolling.*Id.* at 3–5.

Thompson's submission in response to the January Order is before this Court for review. Dkt. No. 8. [2] Also before this Court is a submission on behalf of the named defendants urging the dismissal of this action as time-barred. Dkt. No. 9. [3]

Upon due consideration, and for the reasons set forth below, the Court finds that Thompson has failed to submit a pleading which states a claim upon which relief may be granted and hereby dismisses this action, without prejudice, pursuant to 28 U.S.C. § 1915(e).

**II. Discussion**

As discussed in the January Order, actions brought pursuant to 42 U.S.C. § 1983 asserting claims arising in New York must be brought within three years of the date the cause of action accrued. *See*Dkt. No. 6 at 3. A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action."*Covington v. City of New York,* 916 F.Supp. 282, 285 (S.D.N.Y.1996) (citing *Woods v. Candela,* 13 F.3d 574, 575 (2d Cir.1994)). Thus, Thompson's cause of action accrued at the latest, on October 4, 2006—the final date of his confinement Albany County Correctional Facility—and appears to be time-barred.

In light of Thompson's *pro se* status, the Court afforded him the opportunity to file an amended complaint demonstrating that this was a "rare and exceptional" case in which the doctrine of equitable tolling may be invoked to defeat a defense that the action was not timely filed. Dkt. No. 6 at 4–5;*see Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir.2007). As the Second Circuit stated in *Abbas,* New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that the plaintiff acted with due diligence throughout the period to be tolled. *Id.; see also Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir.2005). Equitable tolling has been found to be appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period,"*Brown v. Parkchester S. Condos.,* 287 F.3d 58,

60 (2d Cir.2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir.1985); or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, *see, e.g., Brown,* 287 F.3d at 60; *Canales v. Sullivan,* 936 F.2d 755, 758 (2d Cir.1991).

 **\*2** In support of his argument that his action was timely filed, Thompson relies upon his filing of a Notice of Intent to File a Claim ("Notice of Intent") on December 15, 2006. Dkt. No. 8 at 1. This Notice of Claim, a copy of which is attached to Thompson's submission, describes the conditions of confinement he experienced during his confinement in the Albany County Correctional Facility, and was served on the Albany County Sheriff and the Albany County Comptroller. *Id.* at 1 and ex. A. Thompson does not claim to have pursued his claims in state court. [4]

As the Second Circuit made clear in *Abbas v. Dixon,* however, "a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983. *See Meyer v. Frank,* 550 F.2d 726, 728–30 (2d Cir.1977); *see also Williams v. Walsh,* 558 F.2d 667, 673 (2d Cir.1977)."*Abbas,* 480 F.3d at 641.Accordingly, the mere fact that Thompson filed a Notice of Claim with Albany County affords no basis for tolling the limitations period for this action.

Moreover, Thompson has not made any showing that he "acted with reasonable diligence" during the time period he seeks to have tolled. *See Abbas,* 480 F.3d at 642.As noted, Thompson does not claim to have pursued his state law claim against Albany County, and has not set forth any facts which might explain, let alone excuse, his inaction for a period of nearly three years.

Furthermore, insofar as Thompson may be understood to claim that the filing of his Notice of Claim on December 15, 2006 operated to "restart" the limitations period such that his filing of the complaint in this action less than three years later was timely, that argument is without merit. *See, e.g., Grosz v. Museum of Modern Art,* 09 Civ. 3706, 2010 WL 88003, at \*15 (S.D.N.Y. Jan.6, 2010) (finding that plaintiff's cause of action accrued on July 20, 2005, and rejecting argument that defendant's action taken 182 days later to seek an outside opinion regarding the disputed property caused the claim to "unaccrue and restart the limitations clock at Day One."); *Abbas,* 480 F.3d at 641 (the discretionary reconsideration and reversal of a disciplinary decision does not restart the statute of limitations unless a new hearing is ordered and new evidence is received); *see also Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (rejecting argument that the limitations period for filing habeas corpus petitions pursuant to 28 U.S.C. § 2254 was "reset" when the state court denied collateral relief, and noting that "[i]f the one-year period began anew ..., then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court."). As the court stated in *Groz,*"[t]hat, of course, is not the way statutes of limitations work."*Groz,* 2010 WL 88003, at \*26.

In sum, Thompson has not established that the doctrine of equitable tolling may be invoked in this case. Thompson has failed to demonstrate that he faced "extraordinary circumstances" which prevented him from timely filing this lawsuit or that he acted with reasonable diligence throughout the period which he seeks to toll. *See Chapman v. Choice Care Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002). Moreover, the Court is not persuaded that a third pleading is reasonably likely to cure the deficiencies in Thompson's prior pleadings so as to survive the scrutiny required under 28 U.S.C. § 1915(e). Accordingly, this action is hereby dismissed as time-barred. This dismissal is not an adjudication on the merits and is without prejudice.

### III. Conclusion
 **\*3** Wherefore, it is hereby

ORDERED that this action is **dismissed without prejudice** due to Thompson's failure to comply with the November Order and to file an amended complaint which states a claim upon which relief may be granted, see 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2483290

## Footnotes

1. Thompson was also granted leave to proceed with this action *in forma pauperis. Id.* at 5.
2. Although submitted beyond the thirty day period afforded by the Court in the January Order, Thompson's submission was accepted for filing and has been considered on its merits.
3. Defendants have appeared through counsel. Dkt. No. 9. Service of process has not been effected on the named defendants.
4. An action seeking damages for personal injury against a municipality, its officers, agents, servants or employees, must be commenced within one (1) year and ninety (90) days "after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50–i(1)(a).

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.